



FILED
11/19/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AXK

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

Graciela Dela torre )
)
Plaintiff(s) )
)
v. )
)
NIPPON LIFE INSURANCE CO. at al )
)
Defendant(s )
)

Case Number: 1:25-cv-12710

Judge Sharon Johnson Coleman
Judge: Magistrate Judge Gabriel A. Fuentes

## AMENDED COMPLAINT FOR RETALIATION IN VIOLATION OF ERISA § 510 pursuant to DKT 10

### I. INTRODUCTION

1. My name is Graciela Dela Torre. I have received limited assistance in organizing this complaint, it has been read to me, and I adopt the full content as my own. I am a disabled woman with documented Fibromyalgia, cognitive decline, chronic pain, neurological sequelae, and complications following multiple failed surgeries and a post-operative infection that left me with headaches, vision disturbances, and difficulty reading. I have also filed Dkt 11: RENEWED MOTION for appointment of pro bono counsel based on these disabling conditions..

2. This case is about a vicious campaign of retaliation waged against me by my former disability insurer, Nippon Life Insurance Company of America ("Nippon"), and its attorney, Justin Aaron Wax Jacobs ("Wax Jacobs"). After I exercised my legal right to report their misconduct to the Illinois Department of Insurance ("DOI"), they punished me by filing a fraudulent arbitration, making false statements to a tribunal, and threatening to take my home if I did not falsely confess to a crime and surrender my private data.

3. Their actions violate Section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140, which makes it illegal to retaliate against a person for giving information or testifying in any inquiry relating to ERISA.

### II. JURISDICTION AND PARTIES

4. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under a federal law, ERISA.

5. I am a resident of Elgin, Illinois. I was a participant in the Nippon Express USA Welfare Benefits Plan, a Group Long Term Disability Plan governed by ERISA.

6. Defendant Nippon Life Insurance Company of America is the insurer and administrator of the Plan, with its principal place of business in Des Moines, Iowa, and with a building office in Schaumburg IL.

7. Defendant Justin Aaron Wax Jacobs is an attorney and Assistant General Counsel for Nippon. At all relevant times, he acted within the scope of his employment and in concert with Nippon. His conduct alleged herein was not mere legal advocacy but made him a primary participant in the illegal retaliatory scheme.

### III. FACTUAL ALLEGATIONS
### A. The Underlying ERISA Plan and Settlement.

8. I became disabled on 5/1/2019 and filed a claim for long-term disability benefits under the Nippon ERISA Plan. I was found eligible with a benefit termination date of 4/08/2043

9. Defendant Wax Jacobs began his employment with Nippon in 2019 and has overseen my claim from its inception

10. A dispute arose over my benefits, which led to a Settlement Agreement & Mutual Specific Release executed in December 2023/January 2024. This Settlement was supposed to resolve a dispute over my rights and benefits under the ERISA-governed plan. I maintain I was coerced to sign this agreement under a period of medically documented cognitive decline following a post-operative infection in 2022.

**B. My Protected Activity: Providing Information to a Regulatory Inquiry**.
11. After discovering new evidence, I filed a formal complaint with the Illinois Department of Insurance ("DOI") on or about February 2025, seeking an investigation into Nippon's conduct in handling my ERISA-governed disability claim and the settlement
12. My complaint to the DOI was a protected activity under 29 U.S.C. § 1140, as I was providing information to a state regulatory authority in an inquiry relating to an ERISA-governed employee benefit plan.
13. The Settlement Agreement's confidentiality clause (Section 4) expressly permits disclosures to a "regulatory authority." My DOI complaint was therefore also permitted by our contract.

**C. The Retaliatory Campaign.**

14. Immediately after the DOI contacted Wax Jacobs, the Defendants began their retaliation. Their actions were intended to punish me for my protected activity and to deter me from pursuing my rights.

**15. Retaliatory and Bad-Faith ICDR Arbitration Filing.**
a. The Settlement Agreement (Section 3.6) requires that any dispute be settled by binding arbitration "administered by the American Arbitration Association [AAA]" under its Commercial Rules, not the International Centre for Dispute Resolution ("ICDR").
b. On January 28, 2025, Defendant Wax Jacobs filed a Demand for Arbitration with the ICDR, the international division of the AAA, which is reserved for cross-border disputes and carries administrative fees up to 20 times higher than the AAA.
c. In the Demand, Wax Jacobs knowingly misrepresented this as an "international" dispute by falsely claiming Nippon was a party from a "different country," misleading the ICDR into accepting jurisdiction.
d. This was a bad-faith, retaliatory act designed to burden me with exorbitant costs and procedural complexity because I filed the DOI complaint.

**16. Fraudulent Basis for the Arbitration.**
a. In the same ICDR Demand, Wax Jacobs alleged I "reopened a lawsuit which they had previously dismissed with prejudice."
b. This was false. This Court's order in *Dela Torre v. Nippon*, 1:22-cv-07059, Dkt. 95, explicitly states that my "motion [93] to reinstate this case" was denied. The case was never reopened.
c. Wax Jacobs knowingly made a false statement to a tribunal to initiate a retaliatory proceeding against me.

**17. Coercive and Extortionate Settlement Communications.**

a. In September 2025, during court-ordered settlement discussions in case 1:25-cv-01483, Defendant Wax Jacobs presented a "settlement" offer that was purely punitive.

b. He demanded I: (1) dismiss my case with prejudice; (2) provide a signed, false admission that I "abused the judicial system"; (3) grant him access to my private ChatGPT account to pursue a $10,000,000.00 counterclaim against me; and (4) agree to a $50,000 lien on my home.

c. He coupled this with a threat that I was already liable to Nippon for "almost $100,000" in attorneys' fees.

d. This was not a good-faith settlement offer. It was a retaliatory threat intended to intimidate me, force me into bankruptcy and homelessness, and compel me to defame myself, all for having filed a protected complaint with the DOI.

**D. Causation and Harm.**

18. The Defendants' retaliatory campaign would not have occurred but for my protected activity of filing a complaint with the Illinois DOI regarding my ERISA-governed benefits. The timing and nature of the acts prove this causal link.

19. As a direct result of this retaliation, I have suffered significant financial costs, severe emotional distress, a worsening of my physical health conditions, and the constant fear of losing my home.

## IV. CLAIM FOR RELIEF

### (Retaliation in Violation of ERISA § 510, 29 U.S.C. § 1140)

**20**. I reallege and incorporate paragraphs 1-18 as if fully set forth herein.

**21.** ERISA § 510 makes it unlawful to "discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan… or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." It also forbids such acts against any person "because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this Act."

**22.** My complaint to the Illinois DOI was giving information in an "inquiry or proceeding relating to" ERISA.

**23.** The Defendants' acts, filing a bad-faith arbitration in the wrong forum based on false statements and then threatening me with financial ruin and a lien on my home, constitute "discrimination" and were done specifically to punish me for my protected activity.

**24.** As a result of this unlawful retaliation, I have suffered damages and I am entitled to compensatory relief, attorneys' fees (even a pro bono lawyer could be entitled to receive remuneration), and costs.

## V. PRAYER FOR RELIEF

WHEREFORE, I respectfully ask this Court to enter judgment in my favor and against the Defendants, and grant the following relief:

a. Declare that the Defendants violated ERISA § 510;

b. Award me compensatory damages for the financial and emotional harm caused by their retaliation;

c. Order the Defendants to cease all retaliatory conduct;

d. Appoint pro bono counsel to represent me, as requested in Dkt 11;

e. Award me my costs and reasonable non attorneys' fees incurred in this action; and

f. Grant any other relief the Court deems just and proper.

## JURY DEMAND

I respectfully request a trial by jury on all issues so triable.

Respectfully submitted,
/s/ Graciela Dela Torre
GRACIELA DELA TORRE
Pro Se Plaintiff
653 Wing Street
Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com           Dated: November 20, 2025

## CERTIFICATE OF SERVICE

I, Graciela Dela Torre, hereby certify that on November 20, 2025, I will cause a true and correct copy of the foregoing Amended Complaint to be filed electronically with the Clerk of Court via the Court's CM/ECF system