



FILED
12/17/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JKS

| | |
|---|---|
| Graciela Dela torre | ) |
| Plaintiff(s) | ) )  Case Number: 1:25-cv-12710 |
| v. | ) ) |
| NIPPON LIFE INSURANCE CO. at al | )  Judge Sharon Johnson Coleman |
| | )  Judge: Magistrate Judge Gabriel A. Fuentes |
| Defendant(s | ) |

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISMISSAL AND RENEWED MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

Due to a medically documented fibromyalgia flare and associated cognitive decline "fibro fog", I received limited, non-legal assistance in organizing the facts and formatting this motion. Its contents were read aloud to me for verification. I approve, and adopt this motion as my own.

Plaintiff, Graciela Dela Torre, respectfully submits this Motion for the Court's reconsideration of its December 1, 2025 Order (Dkt. 13) dismissing this case with prejudice. Plaintiff seeks reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) to bring to the Court's attention information that may clarify the procedural status of the related case, and respectfully renews her request for appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1).

## I. INTRODUCTION AND BASIS FOR RECONSIDERATION

Plaintiff understands the Court's concern for judicial economy and the importance of preventing duplicative litigation. In its December 1 Order, the Court referenced Plaintiff's case before Judge Pallmeyer, *Dela Torre v. Davies Life & Health, Inc., et al.*, No. 1:25-cv-01483, and found that res judicata barred consideration of this action.

With the utmost respect, Plaintiff wishes to provide the Court with additional information about the status of the Pallmeyer case that was not fully before the Court at the time of its ruling. The minute order from that case (Dkt. 186) specifically states:

"The court's order staying this case does not constitute a ruling on the merits of Ms. Dela Torre's challenges to the settlement... nor on the merits of her claims that Nippon's post-settlement conduct was improper. Those challenges and claims are subject to arbitration."

Plaintiff submits this information not to question the Court's reasoning, but to ensure the Court has the complete procedural picture as it exercises its discretion on this matter.

## II. RELEVANT INFORMATION FOR THE COURT'S CONSIDERATION

A. The Status of the Pallmeyer Case

The order in Case No. 1:25-cv-01483 entered on October 10, 2025 (Dkt. 186) did not result in a final judgment on the merits. Rather, the court stayed the case pending arbitration. As noted in legal authorities, a stay is a procedural order that pauses litigation rather than an adjudication on the substantive claims.

B. The Status of the Referenced Arbitration

The arbitration proceedings referenced in the Pallmeyer stay order have been suspended. The International Centre for Dispute Resolution issued an order on December 8, 2025, suspending the arbitration effective immediately. The suspension

occurred because Respondent Nippon Life Insurance Company declined to pay its required share of arbitrator fees.

C. The Nature of Claims in This Case

This action alleges specific acts of retaliation under ERISA § 510 that occurred after the January 2024 settlement that resolved the prior litigation. These include the alleged bad-faith initiation of arbitration and coercive settlement communications in 2025. Defendant Justin Wax Jacobs, whose individual conduct is central to these allegations, was not a party to the prior settled case.

## III. RESPECTFUL REQUEST FOR THE COURT'S RECONSIDERATION

Plaintiff understands that res judicata requires a final judgment on the merits. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Given that the Pallmeyer case was stayed rather than adjudicated, and that the arbitration has been suspended, Plaintiff respectfully suggests that the Court may wish to reconsider whether the doctrine applies in this particular circumstance.

If the Court determines that reconsideration is appropriate, Plaintiff would be profoundly grateful for the opportunity to have these claims heard on their merits. A dismissal with prejudice based on the current procedural posture would permanently bar allegations that have never been substantively examined in any forum.

## IV. RENEWED REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff's medical conditions, including fibromyalgia and associated cognitive "fibro fog," significantly impair her ability to litigate complex procedural and substantive issues. In response to the Court's guidance on the importance of attempting to secure counsel, Plaintiff has made the following recent efforts to obtain legal representation:

- 12/17/2025: Submitted an online referral form to Illinois Legal Aid Online regarding legal malpractice matters (response received: "Your request has been received")
- 12/17/2025: Contacted The Chicago Bar Association Lawyer Referral Service by telephone regarding attorney misconduct/fiduciary litigation (referred to three firms; awaiting callback)
- 12/18/2025: Submitted an inquiry through the National Association of Consumer Advocates (NACA) Member Directory regarding consumer fraud/unfair trade practices (no response to date)
- 12/18/2025: Contacted attorney Richard Victor by telephone regarding legal malpractice & breach of fiduciary duty (declined on contingency basis)

The *Pruitt* factors support appointment of counsel:

1. Plaintiff's Diligent Efforts: As documented above, Plaintiff has made reasonable attempts to secure counsel despite the specialized nature of this case involving claims against former legal representatives.
2. Plaintiff's Capacity: Documented cognitive limitations affect memory, focus, and information processing, making self-representation in this complex matter particularly challenging.
3. Case Complexity: The interplay between stayed litigation, suspended arbitration, and ERISA retaliation claims presents challenging legal issues that exceed Plaintiff's capabilities.

4. Judicial Economy: Counsel would ensure proper presentation of issues and aid the Court in efficient resolution of these substantive allegations.

# V. CONCLUSION

Plaintiff respectfully submits this information for the Court's consideration and guidance. Plaintiff seeks only to ensure that all relevant facts are before the Court as it exercises its discretion in this matter.

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Reconsider its December 1, 2025 Order (Dkt. 13) in light of the information provided;
2. Vacate the dismissal and judgment if the Court finds reconsideration appropriate;
3. Reopen Case No. 1:25-cv-12710 for further proceedings;
4. Accept the filed Amended Complaint (Dkt. 12) for service; and
5. Appoint pro bono counsel to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).

Respectfully submitted,
GRACIELA DELA TORRE, Pro Se
653 Wing Street
Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2025, I filed the foregoing motion electronically via the Court's CM/ECF system.

/s/ Graciela Dela Torre

**REDACTED EXHIBITS**

**EXHIBIT 1 – REDACTED**
(Dkt. 186, Case 1:25-cv-01483)
"The court's order staying this case does not constitute a ruling on the merits of Ms. Dela Torre's challenges to the settlement… nor on the merits of her claims that Nippon's post-settlement conduct was improper. Those challenges and claims are subject to arbitration."
*Unredacted version available upon request or court order.*

**EXHIBIT 2 – REDACTED**
(Dec. 8, 2025 INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION "ICDR" Suspension Order)
"1. The arbitration proceedings in this matter are suspended effective immediately as of the date of this Order."
*Unredacted version available upon request or court order.*

**EXHIBIT 3 – REDACTED**
(Nov. 23, 2025 Email from Justin Wax Jacobs)
"Nippon respectfully declines to pay the Respondent's outstanding portion..."
*Unredacted version available upon request or court order.*

**EXHIBIT 4 – REDACTED**
(Brain MRI Report, [Date])
"Findings include nonspecific white matter lesions..."
*Unredacted full medical record available upon request or court order.*